UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALBERT DOMINGO GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> DONALD HOLBROOK, <br><br> Respondent. | No. C12-5106 BHS/KLS <br><br> **REPORT AND RECOMMENDATION** <br> **Noted for: May 18, 2012** |

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner failed to pay the filing fee of $5.00 or file a completed application to proceed *in forma pauperis*. ECF No. 1. Petitioner has also failed to respond to the Court's Order to Show Cause. ECF No. 4.

The undersigned recommends that Petitioner's motion to proceed *in forma pauperis* and petition for writ of habeas corpus be denied without prejudice.

**BACKGROUND**

On February 8, 2012, Petitioner filed a motion for leave to proceed *in forma pauperis* (IFP) and a proposed Petition for Writ of Habeas Corpus. ECF No. 1. On February 10, 2012, the Clerk advised Petitioner that his IFP application was incomplete as he had not submitted the proper IFP form and had failed to complete and submit a Written Consent for Payment of Costs. ECF No. 3. The Clerk sent the appropriate forms to Petitioner and advised that he should complete and return the forms to the Court on or before March 12, 2012. *Id.* Petitioner failed to do so.

REPORT AND RECOMMENDATION - 1

On March 29, 2012, the Court ordered Petitioner to show cause why his petition should not be dismissed for failure to prosecute. ECF No. 4. The Court ordered Petitioner to pay the filing fee of $5.00 or submit a completed IFP application with a signed Written Consent on or before April 20, 2012. *Id.* Petitioner has not paid the filing fee, has not submitted a completed IFP application or otherwise responded to the Court's Order.

**DISCUSSION**

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd*, 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

Petitioner was given an opportunity to pay the filing fee or submit a completed IFP application. He was provided the appropriate forms and given additional time to submit the appropriate forms. He has not done so nor has he requested additional time to comply with the Court's Order.

## CONCLUSION

For the foregoing reasons, the undersigned recommends the Court deny Petitioner's application to proceed *in forma pauperis* and to dismiss the petition for writ of habeas corpus without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure (Fed. R. Civ. P. ) 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **May 18, 2012**, as noted in the caption.

**DATED** this <u>1st</u> day of May, 2012.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3